UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY HARDY,                )
                             )
              Plaintiff,      )        Case No. 1:17-cv-338
                             )
v.                           )        Honorable Robert J. Jonker
                             )
EAST LANSING                 )
POLICE DEPARTMENT, et al.,    )
                             )
              Defendants.     )
_____)

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a *pro* se plaintiff under 42 U.S.C. §§ 1983, 1985(3). On April 13, 2017, plaintiff filed his complaint. (ECF No. 1). The Court granted plaintiff leave to proceed *in forma pauperis*. (ECF No. 5). Plaintiff's complaint, as amended and corrected,[1] names Sam Saboury , the East Lansing Police Department, Officer Ryan Kuhn, Officer Ryan Panetta, Officer Justan Horst, Officer Jeremy Hamilton, Comcast Service Center, Keary Schellis, Aero Communications Incorporated, and John and Jane Doe defendants. Plaintiff seeks $1.2 million dollars in damages. (ECF No. 1, PageID.21).

It should be noted that this is one in a series of lawsuits stemming from a landlord/tenant dispute. In April 2017, SMTS Group, LLC, the sole member of which is Sam Saboury, filed a complaint in state district court seeking to evict plaintiff from

_____

[1] In an accompanying order, the Court granted plaintiff's motions to amend/correct his pleading. His complaint (ECF No. 1), as amended and corrected (ECF No. 6, 11, 19) is his operative pleading.

his apartment for nonpayment of rent.  On April 27, 2017, plaintiff removed the landlord/tenant case to this Court.  On July 31, 2017, this Court remanded the case back to the state district court. S*MTS Group v. Hardy*, No. 1:17-cv-453 (W.D. Mich. July 31, 2017).

On April 25, 2017, Mr. Saboury filed a petition in Ingham County Circuit Court asking for a personal protection order against plaintiff.  On May 4, 2017, plaintiff removed the case to this Court.  On February 23, 2018, this Court remanded the matter back to the Ingham County Circuit Court. *Saboury v. Hardy*, 1:17-cv-454 (W.D. Mich. Feb. 23, 2018).

The instant case is before the Court on defendants' Rule 12(b)(6) motions seeking dismissal of plaintiff's claims.  (ECF No. 28, 32, 41, 43).  Plaintiff has filed his response.[2]  (ECF No. 34, 47).

Upon review, I recommend that all plaintiff's claims against John and Jane Doe defendants be dismissed with prejudice for failure to state a claim under the statutory authority provided by 28 U.S.C. § 1915(e)(2).  I recommend that defendants' motions be granted and that a judgment be entered dismissing all plaintiff's claims against defendants with prejudice.

## **Applicable Standards**

---

[2] Plaintiff's brief (ECF No. 34. 47) contains provisions requesting summary judgment. Plaintiff did not properly file a motion for summary judgment, however, and no such motion is before the Court.  The Court's review is limited to determining the adequacy of plaintiff's operative pleading.

A complaint that fails to allege " 'enough facts to state a claim to relief that is plausible on its face' " must be dismissed for failure to state a claim. *Traverse Bay Area Intermediate Sch. Dist. v. Michigan Dep't of Educ.,* 615 F.3d 622, 627 (6th Cir. 2010) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A plaintiff must 'plead [ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' " *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A plaintiff falls short if he pleads facts 'merely consistent with the defendant's liability' or if the alleged facts do not 'permit the court to infer more than the mere possibility of misconduct[.]' " *Albrecht*, 617 F.3d at 893 (quoting *Iqbal*, 556 U.S. at 678-79). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. In applying these standards, the court must read plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519 (1972), and accept plaintiff's factual allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

## Proposed Findings of Fact

Plaintiff suffers from mental illness, which he describes as follows: "Schezo-Affecto, Bipolar Disorder, Learning Disability, and Brain Damage." (ECF No. 1, PageID.5). He resides in apartment number three at 1624 Cambria Drive, East

Lansing, Michigan.  (ECF No. 1 at PageID.3; ECF No. 1-1, PageID.37-41).  Sam Saboury is his landlord.  (ECF No. 1 at PageID.3).

On or about October 12, 2016, plaintiff was performing work for Mr. Saboury. Plaintiff was cleaning a house in Lansing.  Mr. Saboury placed several calls to plaintiff to make sure that plaintiff was still working.  When plaintiff returned to his apartment, he found his box of legal files in disarray and some of his paperwork regarding Mr. Saboury was missing.  (*Id.* at PageID.8, 19).

On or about January 17, 2017, plaintiff went to apartment number six on the floor above him to complain about the tenants "stumping and banging on the floor of their apartment."  (*Id.* at PageID.6-7).  One of the two white female tenants in apartment number six called the East Lansing Police Department.  Plaintiff states that he is a black male.  (*Id.* at PageID.7).  He alleges that one of two women residing in apartment six was handicapped and she had a prosthetic leg.  Plaintiff attributes "hopping, stumping and banging" to her hopping "all day and night" after removing her prosthetic leg.  (*Id.* at PageID.7, 11).  Officer Ryan Kuhn and another officer responded to this complaint.  Plaintiff was advised not to repeat his actions because one of the two women reported that his actions made her "fear[] for her life."  (*Id.* at PageID.7, 10).

Plaintiff began sending papers that he labeled as "notices" to his landlord. Among other things he complained that the woman with the prosthetic leg should not have been allowed to move into a second floor apartment.  (*Id.* at 11; ECF No. 1-1,

PageID.30).

Plaintiff believes that, in February 2017, his landlord paid a John Doe cable man from Aero Communications Incorporated "to plant wireless devices [] which plaintiff still endures." (*Id.* at 14). He believes that the cable man was under a contract with Comcast. (*Id.* at 14). Plaintiff made a 911 call to the East Lansing Police Department and asserted that a John Doe cable man had alarmed him by swinging a large drill with a long bit. Officer Kuhn responded to this complaint, but he failed to arrest the cable man. (*Id.* at PageID.10-14). Plaintiff states that it was obvious to him that Officer Kuhn was conspiring with John Doe cable man number one, but he provides no supporting facts as to why it would have been "obvious," or the nature of the purported conspiracy. (*Id.* at PageID.10).

Plaintiff alleges that Mr. Saboury "conspired" with cable man John Doe number one, Aero Communications Incorporated, and Comcast "that the tenant in apartment # 3 was going to be a problem." (*Id.* at PageID.13).

On or about February 15, 2017, plaintiff contacted a Comcast store manager, Keary Schellis, and complained about the above-referenced incident involving a cable man with a drill. Mr. Schellis indicated that plaintiff's complaint would be investigated. (*Id.* at PageID.14-15). Plaintiff returned on March 1, 2017, to ask Mr. Schellis about the status of the investigation. (*Id.* at 15).

On April 1, 2017, plaintiff again contacted the East Lansing Police Department to complain that his landlord was allowing people to enter his apartment

to plant wireless devices.  (*Id.* at PageID.14-16).  Officer Ryan Panetta responded to this complaint.  He did not arrest plaintiff's landlord.  (*Id.* at PageID.16).

On April 6, 2017, plaintiff made another phone call to the East Lansing Police Department to complain that his landlord was paying people to spy on him "through wireless devices planted in or around his apartment or other areas."  (*Id.* at PageID.17).  Officer Justan Horst responded to this complaint.  He failed to assist plaintiff in the manner that he desired.  (*Id.* at PageID.17-18).

Plaintiff alleges that Mr. Saboury conspired with East Lansing police officers on at least a dozen occasions to cover his illegal entry into plaintiff's apartment.  (*Id.* at PageID.17).  Plaintiff asserts that his landlord began to conspire with all defendants after plaintiff started sending him notices.  (ECF No. 6 at PageID.70).

On or about April 11, 2017, a John Doe cable man employed by Aero Communications, Incorporated, contracted with Comcast, and with permission of the landlord retrieved planted devices from an area under plaintiff's bedroom window. Plaintiff placed a 911 emergency phone call.  Officer Panetta responded to this complaint.  He declined to pursue the course of action plaintiff desired.  He did not arrest John Doe cable man number two.  (ECF No. 6 at PageID.67-69; ECF No. 11 at PageID.102-04).

Plaintiff alleges that, later that day, he saw a tall black male with dreadlocks in the area.  Plaintiff apparently observed this person attempt to enter the now vacant apartment number six.  Plaintiff saw Officer Jeremy Hamilton arrive about

-6-

thirty minutes later, after the man with dreadlocks had left.  Officer Hamilton failed to come to plaintiff's apartment to inform him regarding what had happened. Plaintiff indicates that he is a registered sex offender, which he believes is the reason Officer Hamilton did not discuss issues with him.  (ECF No. 6 at PageID.69-70; ECF No. 11 at PageID.105-06).  On the afternoon of Saturday, April 29, 2017, Officer Hamilton allegedly knocked on the door of plaintiff's apartment, but moved to one side so that plaintiff could not see him through the door's "peek []hole."  (*Id.* at PageID.106).

Plaintiff believes that his landlord was leaving the door to apartment number six open so that the apartment's former occupants and the man with dreadlocks could enter and make noise.  Further, plaintiff believes that his landlord is leaving the lights on in plaintiff's apartment.  (ECF No. 6 at PageID.70; ECF No.11 at PageID.104-05).

On May 1, 2017, plaintiff received a copy of the personal protection orders the Ingham County Circuit Court entered in favor of Mr. Saboury.  (ECF No. 11 at PageID.105).

## Discussion

### I.    Section 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws, and he must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*,

487 U.S. 42, 48 (1988).

A.  Private Actors

A private entity or private individual acting on his own cannot deprive a citizen of his constitutional rights.  *See Lansing v. City of Memphis*, 202 F.3d 821, 828 (6th Cir. 2000) (citing *Flagg Brothers Inc. v. Brooks*, 436 U.S. 149 (1978)).  Section 1983 does not create a cause of action against a private actor " 'no matter how discriminatory or wrongful' the party's conduct."  *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)).

Comcast Service Center, Mr. Schellis, Aero Communications, Incorporated, and Mr. Saboury seek dismissal of all plaintiff's purported claims under Section 1983 because they are not state actors.[3]  (ECF No. 29 at PageID.198-200; ECF No. 32 at PageID.243-49; ECF No. 44 at PageID.334-37).  Plaintiff's briefs (ECF No. 34, 47) fail to provide any coherent argument or cite legal authority that would allow him to avoid dismissal of these claims.  I recommend that all plaintiff's purported claims against these defendants and the John and Jane Doe defendants be dismissed because plaintiff did not allege facts sufficient to satisfy the state actor requirement.

B.  Police Department Defendants

The East Lansing Police Department and Officers Kuhn, Panetta, Horst, and Hamilton seek dismissal of plaintiff's claims because plaintiff has failed to allege facts

---

[3] It is undisputed that defendants "East Lansing Police Department and Officers Kuhn, Panetta, Horst, and Hamilton are state actors[.]"  (ECF No. 41-1, PageID.307).

against them sufficient to support a claim against the individuals or the municipality under Section 1983.  (ECF No. 41-1, PageID.307-10).

Because Section 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under the statute is to identify the specific constitutional right allegedly infringed.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).  Although plaintiff's pleading makes reference to the First, Fourth, Eighth, and Fourteenth Amendments, as well as the Americans with Disabilities Act (ECF No. 1 at PageID.2-3, 5; ECF No. 6 at PageID.64-65; ECF No. 11 at PageID.100-101), he has not alleged facts sufficient to state a claim upon which relief can be granted.

The only case that plaintiff cites in response to defendants' motion to dismiss is a Sixth Circuit decision addressing an individual's claim against his former employer under Title VII.  (ECF No. 47 at PageID.349) (citing *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452 (6th Cir. 2001)).  This lawsuit has never involved any claim under Title VII of the Civil Rights Act.  Plaintiff has not alleged that he was an employee of the East Lansing Police Department, nor is there anything before the Court suggesting that plaintiff complied with the prerequisites to bringing a Title VII action.  *See Block v. Meharry Medical Coll.*, No. 17-5484, __ F. App'x __, 2018 WL 501392, at *3 (6th Cir. Jan. 22, 2018).

## II.    Section 1985(3)

Defendants seek dismissal of plaintiff's purported claims under 42 U.S.C.

§ 1985(3) because plaintiff failed to plead facts with the required specificity to support such a claim.  (ECF No. 29 at PageID.200-02; ECF No. 32 at PageID.249-50; ECF No. 41-1 at PageID.311-13; ECF No. 44 at PageID.337-38).

"To establish a claim under 42 U.S.C. § 1985(3), a plaintiff must prove (1) a conspiracy involving two or more persons (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws and (3) an act in furtherance of the conspiracy (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States." *Hilliard v. Ferguson*, 30 F.3d 649, 652-53 (5th Cir.1994).  The plaintiff "must also establish that the conspiracy was motivated by a class-based animus." *Id.* at 653; *see Estate of Smithers ex rel. Norris v. City of Flint*, 602 F.3d 758, 765 (6th Cir. 2010) ("To sustain a claim under section 1985(3), a claimant must prove both membership in a protected class and discrimination on account of it.").  Plaintiff's membership in a protected class is not disputed.

Plaintiff's vague and conclusory allegations of a massive conspiracy to expose him to monitoring by wireless devices fails to state a claim upon which relief can be granted against any defendant.  *See Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987) (Section 1985 conspiracy claims must be pled with specificity); *see also Ohio ex rel. Moore v. Brahma Investment Group, Inc.*, No. 17-3458, __ F. App'x __, 2018 WL 501393, at *3 (6th Cir. Jan. 22, 2018).

## Recommended Disposition

-10-

For the reasons set forth herein, I recommend that all plaintiff's claims against John and Jane Doe defendants be dismissed with prejudice for failure to state a claim under the statutory authority provided by 28 U.S.C. § 1915(e)(2).  I recommend that defendants' motions (ECF No. 28, 32, 41, 43) be granted and that a judgment be entered dismissing all plaintiff's claims against defendants with prejudice.

Dated:  March 2, 2018              /s/  Phillip J. Green
                                 PHILLIP J. GREEN
                                 United States Magistrate Judge


### NOTICE TO PARTIES

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).  General objections do not suffice.  *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).