UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


GREGORY HARDY,

       Plaintiff,

v.

EAST LANSING POLICE DEPARTMENT,
*et al.*,

       Defendants.

_____/

CASE NO. 1:17-CV-338

HON. ROBERT J. JONKER

# ORDER APPROVING AND ADOPTING
# REPORT AND RECOMMENDATION AS CLARIFIED

The Court has reviewed Magistrate Judge Green's Report and Recommendation in this matter (ECF No. 56), Plaintiff's Objections (ECF No. 57), and Defendant Aero Communications, Inc.'s ("ACI") Response (ECF No. 418). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE, § 3070.2, at 451 (3d ed. 2014). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; Plaintiff's objections; and Defendant ACI's response. The

Court finds the Magistrate Judge's Report and Recommendation, which recommends dismissing all of Plaintiff's claims with prejudice, factually sound and legally correct, with the clarification that the heading "Proposed Findings of Fact" (ECF No. 56, PageID.400) should simply be "Plaintiff's Allegations."  The Court makes no findings of fact.

In his Objections, Plaintiff does not address the Report and Recommendation's analysis. Instead, Plaintiff seeks leave to file an amended complaint and to have counsel appointed. Plaintiff makes no substantive allegations in his objections that would even arguably bring this lawsuit within the scope of 42 U.S.C. § 1983.  It is clear from the existing record that amendment would be futile, and so there is no need to allow and amendment period.  The Court finds no basis to appoint counsel.  *See Lavado v. Keohane*, 993 F.2d 601, 604-605 (6th Cir. 1993) (noting that appointment of counsel for civil litigants is not a constitutional right, but instead a privilege justified only in exceptional circumstances).

**ACCORDINGLY, IT IS ORDERED**:

1. The Report and Recommendation of the Magistrate Judge, with the clarification that the heading "Proposed Findings of Fact" should simply be "Plaintiff's Allegations" (ECF No. 56) is **APPROVED AND ADOPTED** as the opinion of the Court.

2. Plaintiff's request for leave to file an amended complaint and for appointment of counsel is **DENIED**.

3. Plaintiff's claims against John and Jane Doe defendants are **DISMISSED WITH PREJUDICE** for failure to state a claim under the statutory authority of 28 U.S.C. § 1915.

4. Defendants' motions (ECF Nos. 28, 32, 41, 43) are **GRANTED**.  All of Plantiff's claims against defendants are **DISMISSED WITH PREJUDICE**.

5. For the same reasons that the Court dismisses Plaintiff's claims, the Court discerns no good-faith basis for an appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997) (overruled on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007)).


Date: March 28, 2018 /s/ Robert J. Jonker
ROBERT J. JONKER
CHIEF UNITED STATES DISTRICT JUDGE